# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| JULIE UHRIG,<br><br>        Movant,<br><br>vs.<br><br>UNITED STATES OF AMERICA. | No. C13-1027-LRR<br>No. CR12-1014-LRR<br><br>ORDER |

       This matter appears before the court on Julie Uhrig's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (civil docket no. 1). On September 19, 2013, Julie Uhrig ("the movant") filed her 28 U.S.C. § 2255 motion. On October 8, 2013, the court, among other things, directed the parties to brief the claims that the movant included in her motion pursuant to 28 U.S.C. § 2255 (civil docket no. 2). On October 9, 2013, counsel filed an affidavit (civil docket no. 3). On November 21, 2013, the government filed a resistance (civil docket no. 4). On January 2, 2014, the movant filed a reply (civil docket no. 6). Because the matter is fully briefed, the court turns to consider the merits of the movant's motion pursuant to 28 U.S.C. § 2255.

       A district court is given discretion in determining whether to hold an evidentiary hearing on a motion under 28 U.S.C. § 2255. *See United States v. Oldham*, 787 F.2d 454, 457 (8th Cir. 1986). In exercising that discretion, the district court must determine whether the alleged facts, if true, entitle the movant to relief. *See Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996). "Accordingly, [a district court may summarily dismiss a motion brought under 28 U.S.C. § 2255 without an evidentiary hearing] if (1) the . . . allegations, accepted as true, would not entitle the [movant] to relief, or (2) the allegations

cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Engelen v. United States*, 68 F.3d 238, 240-41 (8th Cir. 1995) (citations omitted); *see also Delgado v. United States*, 162 F.3d 981, 983 (8th Cir. 1998) (stating that an evidentiary hearing is unnecessary where allegations, even if true, do not warrant relief or allegations cannot be accepted as true because they are contradicted by the record or lack factual evidence and rely on conclusive statements); *United States v. Hester*, 489 F.2d 48, 50 (8th Cir. 1973) (stating that no evidentiary hearing is necessary where the files and records of the case demonstrate that relief is unavailable or where the motion is based on a question of law). Stated differently, a 28 U.S.C. § 2255 motion can be dismissed without a hearing where "the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; *see also Standing Bear v. United States*, 68 F.3d 271, 272 (8th Cir. 1995) (per curiam).

The court concludes that it is able to resolve most of the movant's claims from the record. *See Rogers v. United States*, 1 F.3d 697, 699 (8th Cir. 1993) (holding "[a]ll of the information that the court needed to make its decision with regard to [the movant's] claims was included in the record . . . ." and, therefore, the court "was not required to hold an evidentiary hearing") (citing Rule Governing Section 2255 Proceedings 8(a) and *United States v. Raddatz*, 447 U.S. 667, 674 (1980)). The evidence of record conclusively demonstrates that the movant is not entitled to the relief sought on all of her claims except her failure to file a notice of appeal claim. Specifically, the record indicates that, except for the failure to file a notice of appeal claim, the movant's claims are wholly without merit and/or frivolous. As such, the court finds that there is only a need to conduct an evidentiary hearing on the movant's failure to file a notice of appeal claim.

With respect to claims that are unrelated to the failure to file a notice of appeal claim, the court deems it appropriate to deny them for the reasons stated in the government's resistance. The government's brief adequately sets forth the law that is

applicable to the facts in the movant's case. Specifically, the government correctly concluded that counsel provided professional and effective assistance to the movant and the movant suffered no prejudice as a result of counsel's actions. The record clearly reveals that, after entering into a plea agreement with the government, the movant knowingly and voluntarily pleaded guilty and received a sentence that the parties' contemplated. The movant's mischaracterizations of what occurred when she pleaded guilty and what took place prior to and during the sentencing hearing do not provide a valid basis to grant relief.

Moreover, the court thoroughly reviewed the record and finds that dismissing the majority of the movant's claims comports with the Constitution, results in no "miscarriage of justice" and is consistent with the "rudimentary demands of fair procedure." *Hill v. United States*, 368 U.S. 424, 428 (1962); *see also United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996) ("Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised for the first time on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." (citing *Poor Thunder v. United States*, 810 F.2d 817, 821 (8th Cir. 1987))). The court concludes that the movant knowingly and voluntarily pleaded guilty pursuant to a plea agreement. *See Walker v. United States*, 115 F.3d 603, 604 (8th Cir. 1997) ("[A] valid guilty plea forecloses an attack on conviction unless 'on the face of the record the court had no power to enter the conviction or impose the sentence.'"); *United States v. Jennings*, 12 F.3d 836, 839 (8th Cir. 1994) (a voluntary and unconditional guilty plea waives all defects except those related to jurisdiction); *see also United States v. Seay*, 620 F.3d 919, 921-23 (8th Cir. 2010) (making clear that a challenge based on a court's statutory or constitutional power to adjudicate a case survives a defendant's guilty plea).

The parties' plea agreement addressed, among other things, the fact that the movant faced a sentence of not more than 40 years, the fact that the United States Sentencing Guidelines provide advisory guidance to the court when it is determining the sentence to

impose, the fact that the movant would cooperate with the government, the fact that the movant caused a fire to erupt when she attempted to manufacture methamphetamine, the fact that the movant's sentence would be based on facts that the court determined by a preponderance of the evidence, the fact that no agreement had been reached with respect to drug quantity or the base offense level under USSG §2D1.1(c), the fact that a six-level enhancement under USSG §2D1.1(b)(13)(D) and a one-level enhancement under USSG §2D1.2 applied and the fact that negative consequences could arise if the movant breached the agreed to terms. Given the movant's stipulations in her plea agreement, her oral confirmation of those stipulations and the unobjected-to facts in the pre-sentence investigation report, a sufficient basis supports the movant's guilty plea. The movant is unable to rely on an estimated sentence when she acknowledged that she understood how her sentence would be determined and how long of a sentence that she might have to serve. *See United States v. Nesgoda*, 559 F.3d 867, 870 n.2 (8th Cir. 2009) (citing *Thomas v. United States*, 27 F.3d 32, 326 (8th Cir. 1994)). And, nothing else justifies the withdrawal of the movant's guilty plea as involuntary. *See United States v. Love*, 176 F. App'x 708, 709 (8th Cir. 2006). Consequently, the movant's guilty plea remains valid.

Further, the court's application of the advisory sentencing guidelines, consideration of the parties' sentencing arguments and application of the sentencing factors under 18 U.S.C. § 3553(a) violated no constitutional right. *See United States v. Villareal-Amarillas*, 562 F.3d 892, 898 (8th Cir. 2009) (observing that a sentencing judge is only constrained by the statutory maximum and minimum for an offense and the factors included in 18 U.S.C. § 3553(a)). Nothing restricted the court's discretion during the sentencing hearing, and the sentence that the movant received is appropriate and consistent with the parties' plea agreement. The court properly considered the unobjected-to portions of the pre-sentence investigation report. *See* Fed. R. Crim. P. 32(i); *see also United States v. Paz*, 411 F.3d 906, 909 (8th Cir. 2005) (explaining that facts in pre-sentence investigation report are deemed admitted unless the defendant objects to those facts); *United States v.*

*Rodamaker*, 56 F.3d 898, 902 (8th Cir. 1995) (stating that it is permissible to rely on unobjected-to facts in the pre-sentence investigation report). And, after the movant knowingly waived her argument concerning drug quantity, the court correctly calculated an advisory sentencing guidelines range of 151 to 188 months imprisonment based on a total adjusted offense level of 32 (28 + 1 + 6 - 3 = 32) and a criminal history category of III.[1]

It is undeniable that the movant could have faced a lengthier sentence if she did not plead guilty and cooperate with the government. In the event that the movant elected to go to trial or raised frivolous arguments during the sentencing hearing, it is a near certainty that the movant would have received a longer sentence. This is especially so because the movant would have lost acceptance of responsibility and the court had great concern about the substantial risk of harm to the life of a minor that the movant created by engaging in criminal activity. Given the record and the fact that there is a significant overlap for the sentencing guidelines range for either a criminal history category II or III, the court concludes that the 136 month term of imprisonment that the movant received during the sentencing hearing is appropriate.

Additionally, it is apparent that the conduct of counsel fell within a wide range of reasonable professional assistance, *Strickland v. Washington*, 466 U.S. 668, 689 (1984), and counsel's performance did not prejudice the movant's defense, *id*. at 692-94. Considering all the circumstances and refraining from engaging in hindsight or second-guessing counsel's strategic decisions, the court finds that the record belies the movant's claims and no violation of the movant's constitutional right to counsel occurred. Counsel had the chance to review whether the movant should plead guilty after another attorney had

---

[1] In her reply, the movant again misstates the record. The movant's total adjusted offense level is 32, not 29. She is a criminal history category III, rather than a criminal history category I, because she has five criminal history points.

made the determination that she should do so. Ultimately, counsel determined that it was best for the movant to plead guilty.

Contrary to the movant's assertions, counsel need not pursue frivolous arguments, positions or objections at the trial level, especially if doing so would result in a higher sentence or a breach of the terms of the plea agreement. *See United States v. Cronic*, 466 U.S. 648, 657 (1984) (stating that counsel is not required to attempt a useless charade). The movant's own illegal conduct, that is, her attempt to manufacture methamphetamine with a child in the house and near a protected location and her purchase of 65.24 grams of pseudoephedrine, determined her total offense level, and such offense level is not in any way overstated. Because she admittedly understood how her sentence would be computed and voiced no concern during the sentencing hearing, the movant cannot now fault counsel for relying on a "different formula", that is, providing an estimation of the sentence that she might receive based on how the sentencing guidelines might apply if she was able to successfully assert that she was merely a user of methamphetamine or successfully argue for a lower criminal history category. Similarly, the movant cannot blame counsel for: (1) stipulating to certain sentencing provisions, especially considering the circumstances surrounding her attempt to manufacture methamphetamine; (2) failing to contest drug purity, especially considering the logs establishing the movant's purchases of pseudoephedrine; or (3) withdrawing the objection to the total calculation of drug quantity, especially considering what the law considers to be relevant conduct. So, in reality, the movant benefitted tremendously by the representation provided by counsel. Moreover, the movant's assertions as to what counsel did or failed to do would not have changed the outcome. This is especially so because there are no valid bases to object to either the movant's offense conduct or the movant's relevant conduct and because the movant stipulated to the application of a six-level enhancement under USSG §2D1.1(b)(13)(D) and a one-level enhancement under USSG §2D1.2.

Lastly, with respect to counsel's alleged failure to file an appeal, the record includes the court's instructions to the movant and counsel's sworn statements and supporting documentation. In light of such documentation, it is exceedingly difficult to conclude that the movant did not hear from counsel or that counsel abandoned the movant after the sentencing hearing. Nonetheless, the court finds that it must assess the credibility of counsel and the movant pursuant to a hearing. Absent the movant withdrawing her remaining claim, the court must conduct a hearing. An affidavit from counsel will not suffice.

In sum, all of the alleged errors except the failure to file a notice of appeal claim do not justify relief under 28 U.S.C. § 2255. The court finds that those claims are wholly without merit and/or frivolous. Accordingly, they shall be dismissed. With respect to the remaining failure to file a notice of appeal claim, the court deems it appropriate to conduct an evidentiary hearing.[2]

**IT IS THEREFORE ORDERED**:

1) Except for the failure to file a notice of appeal claim, the movant's claims are dismissed.

2) An evidentiary hearing is scheduled to commence at 1:30 p.m. central time on Thursday, May 12, 2016 in courtroom 1. With respect to such hearing, the movant is directed to participate via telephone. Additionally, the clerk's office is directed to appoint CJA counsel to represent the movant. Appointed counsel is directed to notify the court of the name of the movant's counselor and the telephone number where she can be reached at least five days prior

---

[2] Before proceeding with her failure to file a notice of appeal claim, the movant should fully discuss with appointed counsel the record and the fact that she will be required to testify under oath.

to the evidentiary hearing. The clerk's office is directed to send a copy of this order to the movant.

**DATED** this 21st day of March, 2016.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA